UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STAY YOU, LLC,

        Plaintiff,

v.

H&M HENNES & MAURITZ LP,

        Defendant.

Case No. 1:20-CV-01396-KMW-KNF

**STIPULATED PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED AND AGREED** by and among Plaintiff Stay You, LLC, and Defendant H&M Hennes & Mauritz LP, as follows:

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production and disclosure of certain documents and information pertaining to the parties' financial information, competitive information, personnel information, product development, or other kinds of commercially sensitive or proprietary information, which requires special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as

1

confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal.

2. **DEFINITIONS**

    2.1    Party: any party to this action.

    2.2    Disclosure or Discovery Material: all items or information, regardless of medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c). Discovery Material designated "Confidential" shall contain non-public proprietary information, whether personal or business-related; information protected from disclosure by contractual obligations with third parties; or information protected from disclosure by law.

    2.4    "Highly Confidential - Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential" Information or Items whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means. The "Highly Confidential - Attorneys' Eyes Only" designation shall be reserved for confidential information that constitutes, reflects, or concerns trade secrets, know-how or proprietary data, business, financial, or commercial information, the disclosure of which is likely

to cause substantial harm to the competitive position or personal interests of the party making the confidentiality designations of Discovery Material.

     2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

     2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

     2.7    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

     2.8    Protected Material: any Disclosure or Discovery Material that is designated "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

     2.9    Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

     2.10    Expert: an impartial person with specialized knowledge or experience in a matter pertinent to the litigation who has been or may be retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a current employee of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

     2.11    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or

demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.

4. **DURATION**

Following the conclusion or termination of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. **DESIGNATING PROTECTED MATERIAL**

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Stipulated Protective Order shall limit any such designation to specific material that qualifies under the appropriate standards.

If the Designating Party concludes that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, the Designating Party must promptly notify all other Parties that it is withdrawing the incorrect designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order *(see, e.g.,* second paragraph of Section 5.2(a), below), or as

4

otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order must be clearly so designated at the time of production or disclosure.

Designation in conformity with this Stipulated Protective Order requires:

(a)   <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on each page that contains Protected Material, unless otherwise agreed upon by the Parties.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential -Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Stipulated Protective Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY") on each page that contains Protected Material.

(b)   <u>for written responses to discovery requests</u>, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY'S EYES ONLY" on all pages on which Confidential or Highly Confidential - Attorneys' Eyes Only Information appears and by causing the words, "THIS RESPONSE CONTAINS INFORMATION THAT IS CONFIDENTIAL [OR

5

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY]" to appear at the beginning of the specific responses containing such information. A Party shall designate only those responses that contain Confidential or Highly Confidential - Attorneys' Eyes Only Information. Responses that do not contain Protected Material shall appear on pages separate from responses that do contain Protected Material.

   (c) <u>for testimony given in deposition or in other pretrial or proceedings,</u> that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Highly Confidential - Attorneys' Eyes Only." Additionally, the Party or non-party that sponsors, offers, or gives the testimony shall have up to five (5) days from the date of receipt of the transcript to identify any specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential" or "Highly Confidential - Attorneys' Eyes Only"). Only those portions of the testimony that are designated for protection within the five (5) days shall be covered by the provisions of this Stipulated Protective Order. During this five (5) day period, all testimony shall be treated as Highly Confidential - Attorneys' Eyes Only.

   (d) <u>for documents produced in native format,</u> that the Producing Party include in the file name of the document the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - AEO" for each document containing Protected Material.

   (e) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the

6

legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

     5.3    <u>Inadvertent Production or Failure to Designate.</u>

     (a)    An inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential - Attorneys' Eyes Only" does not, standing alone, waive the Producing Party's right to secure protection under this Stipulated Protective Order for such material. In the event that any document or thing qualifying for designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" is inadvertently produced without the proper designation, the Producing Party shall identify such document or thing promptly after its inadvertent production is discovered and provide a copy of such document or thing with the proper designation to counsel for the Receiving Party, upon receipt of which the Receiving Party shall promptly return or destroy all copies of the document or thing in its previously undesignated or misdesignated form. Upon written request by the Designating Party, the Receiving Party will provide written verification of compliance with this provision.

**6.**    <u>**CHALLENGING CONFIDENTIALITY DESIGNATIONS**</u>

    6.1    <u>Timing of Challenges.</u> Any challenge to a Designating Party's confidentiality designation shall be made as promptly as the circumstances permit.

    6.2    <u>Meet and Confer</u>. A Party wishing to challenge a Designating Party's confidentiality designation shall begin the process by conferring directly with counsel for the Designating Party. The challenging Party must explain why it believes the confidentiality designation is improper. The Designating Party shall have five (5) days in which to review the designated material and either re-designate the material or to explain the basis for the chosen designation. A challenging Party may not proceed to the next

7

stage of the challenge process unless it has met and conferred, or attempted to meet and confer, with the Designating Party.

6.3     Judicial Intervention.  If the Parties are unable to informally resolve a challenge to a particular designation, the Parties shall submit a single joint letter to the Court pursuant Section 2(A) of the Court's Individual Practices.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

(b)     the officers, directors, and employees of the Receiving Party (or, in

8

the case of an individual Receiving Party, the Receiving Party itself) to whom disclosure is reasonably necessary for the prosecution or defense of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

   (c) Experts of the Receiving Party to whom disclosure is reasonably necessary for the prosecution or defense of this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

   (d) the Court and its personnel;

   (e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for the prosecution or defense of this litigation;

   (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

   (g) the author of the document or the original source of the information, and the persons who received the document in the ordinary course of business.

7.3  <u>Disclosure of "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item

designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only to:

    (a)    the Receiving Party's Outside Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for the prosecution or defense of this litigation;

    (b)    Experts (1) to whom disclosure is reasonably necessary for the prosecution or defense of this litigation, and (2) who have signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

    (c)    the Court and its personnel;

    (d)    court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for the prosecution or defense of this litigation;

    (e)    Defendant's designated representative who has signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

    (f)    Plaintiff's designated representative who has signed the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A); and

    (g)    the author of the document or the original source of the information, and the persons who received the document in the ordinary course of business, provided that an adequate record of their familiarity with the information is first made without disclosing any designated information.

**8.**     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served by a non-party with a subpoena, document request, or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -

ATTORNEYS' EYES ONLY," the Receiving Pa1ty must so notify the Designating Party, in writing (by email and letter) immediately and in no event more than three business days after determining that the material is responsive to the request. Such notification must include a copy of the subpoena, document request, or court order.

The Receiving Party also must immediately inform in writing the non-party who caused the subpoena, document request, or order to issue in the other litigation that some or all the material covered by the subpoena, document request, or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the non-party in the other action that caused the subpoena, document request, or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an oppo1tunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

11

to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound by Stipulated Protective Order" that is attached hereto as Exhibit A.

10. **FILING PROTECTED MATERIAL**

In the event that counsel for any Party determines to file with the Court any pleadings, motions, briefs or other papers which contain or disclose information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY", leave of court must be obtained, in accordance with Section 4 of the Court's Individual Practices.

Nothing contained in this Stipulated Protective Order shall preclude any Party from using its own Confidential Information in any manner it sees fit, without prior consent of any other party or the Court. Nothing herein shall operate as any admission by any of the Parties hereto that any particular materials contains or reflects trade secrets, or other confidential or proprietary information.

11. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, including appeals, each Receiving Party and any Professional Vendors it used must destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Upon destruction,  the

Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate all the Protected Material that was destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

**12.   DISCLOSURE OF PROTECTED MATERIAL BY NON-PARTIES**

Non-parties who provide information in response to a subpoena or discovery request may invoke the protection of this Order by (a) designating that information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with this Stipulated Protective Order; and (b) signing a copy of this Stipulated Protective Order. Any non-party who invokes the protection of this Stipulated Protective Order shall also be bound by its obligations.

**13. MISCELLANEOUS**

13.1    Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2    Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this

Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

Dated: January 26, 2020
      New York, New York       SO ORDERED:

_Kevin Nathaniel Fox_ (signature)

_____
Kevin Nathaniel
Fox U.S.M.J.

 /s/ Anthony H. Handal                  /s/ Darren W. Saunders

Anthony H. Handal                               Darren W. Saunders
HANDAL & MOROFSKY LLC            Mark I. Peroff
83 East Avenue                                    Cassandra M. Tam
Norwalk, CT 06851                         Jason H. Kasner
917.880.0811                                        PEROFF SAUNDERS PC
handal@HandalGlobal.com            745 Fifth Avenue, Suite 500
                                            New York, New York 10151
*Attorney for Plaintiff*                     (646) 898-2030
*Stay You, LLC*                                 Dsaunders@peroffsaunders.com
                                            Mark.peroff@peroffsaunders.com
                                            Cassandra.Tam@peroffsaunders.com
                                            Jkasner@peroffsaunders.com

                                            *Attorneys for Defendant*
                                            *H&M Hennes & Mauritz LP*

# APPENDIX 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STAY YOU, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>H&M HENNES & MAURITZ LP,<br><br>      Defendant. | Case No. 1:20-CV-01396- KMW-KNF |

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

  I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York on _____ in the above captioned case. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of the Order.

  I further agree to submit to the jurisdiction and venue of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action, and understand

that the Court may impose sanctions for any violation of the attached Stipulated Protective Order.

Date: _____

Printed Name: _____

Signature: _____