**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STAY YOU, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>H&M HENNES & MAURITZ LP,<br><br>               Defendant. | Civil Action No. 1:20-cv-01396-KMW-KNF |

---

**DEFENDANT H&M HENNES & MAURITZ L.P.'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT**

---

Darren W. Saunders
dsaunders@peroffsaunders.com
Mark I. Peroff
mark.peroff@peroffsaunders.com
Cassandra M. Tam
cassandra.tam@peroffsaunders.com
Jason H. Kasner
jkasner@peroffsaunders.com
PEROFF SAUNDERS P.C.
745 5th Avenue | Suite 500
New York, NY 10151
Tel: 646.898.2030

*Attorneys for Plaintiff*
*H&M Hennes & Mauritz L.P.*

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.   FACTS ................................................................................................................. 1

   A.   The Parties ................................................................................................ 1

   B.   H&M's 2019 Pride Collection ................................................................. 2

   C.   Plaintiff and Its Products......................................................................... 5

   D.   The Extensive Third-Party Use of "Stay You" and "Stay True Stay You"....................... 6

III.   ARGUMENT ....................................................................................................... 7

   A.   The Legal Standard .................................................................................. 7

   B.   H&M's Use of "Stay True Stay You" Was a Fair Use ........................... 8

      1.   H&M Used the Phrase Other Than as a Mark .............................. 9

      2.   H&M Used the Phrase in a Descriptive Sense............................. 10

      3.   H&M's Use of the Phrase Was in Good Faith............................ 13

   C.   There is No Likelihood of Confusion Between the H&M Products and Plaintiff........... 14

      1.   Plaintiff's Mark Is Weak............................................................ 16

      2.   The H&M Phrase and Plaintiff's Mark are Different ................. 21

      3.   The Parties Products are Sold Through Distinct Channels of Trade ........... 22

      4.   There Are No Known Instances of Actual Confusion ................. 23

      5.   H&M Acted in Good Faith .......................................................... 23

IV.   CONCLUSION................................................................................................... 25

## TABLE OF AUTHORITIES

**Cases**                                                                                 **Pages**

*Advance Magazine Publishers, Inc. v. Norris*,
    627 F. Supp. 2d 103 (S.D.N.Y. 2008)……………………………………………16,17,19

*Amusement Art, LLC v. Life Is Beautiful, LLC*,
    768 F. App'x 683 (9th Cir. 2019)……………………………………………..…19

*Andy Warhol Enters., Inc. v. Time Inc.*,
    700 F. Supp. 760 (S.D.N.Y. 1988)……………………………………………………13

*B & L Sales Assocs. v. H. Daroff & Sons, Inc.*,
    421 F.2d 352 (2d Cir.1970)……………………………………………..…8,11,19

*Bonilla v. H&M Hennes & Mauritz L.P.*,
    No. 12 Civ. 6919 (LAK) (MHD), 2014 WL 12661621 (S.D.N.Y. Apr. 16, 2014)…..15,16

*Brennan's, Inc. v. Brennan's Rest., L.L.C.*,
    360 F.3d 125, 134 (2d Cir. 2004)…………………………………………………...22

*Brockmeyer v. Hearst Corp.*,
    248 F. Supp. 2d 281 (S.D.N.Y. 2003)…………………………………..……16,22

*Car-Freshner Corp. v. S.C. Johnson & Son, Inc.*,
    70 F.3d 267 (2d Cir.1995)……………………………………………………9,10,13

*Celotex Corp. v. Catrett*,
    477 U.S. 317, (1986)…………………………………………………………….7,8

*Codename Enters., Inc. v. Fremantlemedia N. Am., Inc.*,
    No. 16 Civ. 1267 (AT) (SN), 2018 WL 3407709 (S.D.N.Y. Jan. 12, 2018)…..15,17,19,21

*Cosmetically Sealed Indus., Inc. v. Chesebrough-Ponds USA Co.*,
    125 F.3d 28 (2d Cir. 1997)……………………………………………….10,11,12,18

*Crye Precision LLC v. Duro Textiles, LLC*,
    No. 15 cv 1681 (DLC), 2016 WL 1623943 (S.D.N.Y. Apr. 22, 2016)………...……..15

*Denimafia Inc. v. New Balance Athletic Shoe, Inc.*,
    No. 12 Civ. 4112 (AJP), 2014 WL 814532 (S.D.N.Y. Mar. 3, 2014)…………15,16,19,22

*Dessert Beauty, Inc. v. Fox*,
    568 F. Supp. 2d 416 (S.D.N.Y. 2008), *aff'd*, 329 F. App'x 333 (2d Cir. 2009)..…8,9,13,18

ii

*Dudley v. Healthsource Chiropractic, Inc.*,
   883 F. Supp. 2d 377 (W.D.N.Y. 2012)……………………………………………..16

*First Nat'l Bank of Omaha, Inc. v. Mastercard Int'l Inc.*,
   03 CIV. 707 (DLC), 2004 WL 1575396 (S.D.N.Y. July 15, 2004)……….…….14,17,22

*Gameologist Grp., LLC v. Sci. Games Int'l, Inc.*,
   838 F. Supp. 2d 141 (S.D.N.Y. 2011), *aff'd*, 508 F. App'x 31 (2d Cir. 2013)…………..24

*Gruner + Jahr USA Publ'g v. Meredith Corp.*,
   991 F.2d 1072 (2d Cir. 1993)……………………………………………………….....14

*Harvey Cartoons v. Columbia Pictures Indus., Inc.*,
   645 F. Supp. 1564 (S.D.N.Y. 1986)…………………………………………..…….16

*Herbko Int'l, Inc. v. Gemmy Indus. Corp.*,
   916 F. Supp. 322 (S.D.N.Y. 1996)…………………………………………...…….19

*Horn's, Inc. v. Sanofi Beaute, Inc.*,
   963 F. Supp. 318 (S.D.N.Y. 1997)…………………………………………………..16

*In Re Mayweather Promotions, LLC*,
   No. 86753084, 2020 WL 6689736 (Oct. 29, 2020)……………………………...…18

*In Re Pif Grp. LLC*,
   No. 88084519, 2020 WL 7383506 (Nov. 23, 2020)…………………………..…….18

*In Re Sarah Marie Duncan d/b/a Loved by Hannah & Eli, Inc.*,
   No. 86923714, 2021 WL 725585 (Feb. 3, 2021)………………………………...…..18

*In Re Team Jesus LLC*,
   No. 88105154, 2020 WL 7312021 (Dec. 10, 2020)…………………………..…….18

*In Re Texas with Love, LLC*,
   No. 87793802, 2020 WL 6689657 (Oct. 29, 2020)…………………………..…….18

*J.T. Colby & Co. v. Apple Inc.*,
   No. 11 Civ. 4060 (DLC), 2013 WL 1903883 (S.D.N.Y. May 8, 2013)…..……….14,21,22

*J.T. Colby & Co. v. Apple Inc.*,
   58 F. App'x 8 (2d Cir. 2014)………………………………………………………15

*Kelly-Brown v. Winfrey*,
   95 F. Supp. 3d 350 (S.D.N.Y. 2015) ……………………………………….passim

*KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*,
   543 U.S. 111, (2004)……………………………………………………………..9,10,13

*Lang v. Ret. Living Publ'g Co.*,
  949 F.2d 576 (2d Cir. 1991)……………………………………..…………15,16,24

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*,
  561 F. Supp. 2d 368 (S.D.N.Y. 2008)……………………………………...……16

*LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A.*,
  720 F. App'x 24 (2d Cir. 2017)………………………………………………..…15

*Malaco Leaf, AB v. Promotion in Motion, Inc.*,
  287 F. Supp. 2d 355 (S.D.N.Y. 2003)……………………………..………16,17

*Mastercard Int'l Inc. v. Nader 2000 Primary Comm., Inc.*,
  No. 00 Civ. 6068 (GBD), 2004 WL 434404 (S.D.N.Y. Mar 8, 2004)…………….....16,23

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986)………………………………………………………………..8

*McGraw-Hill Cos. v. Int'l Secs. Exch., Inc.*,
  No. 05 Civ. 1129 (HB), 05 Civ. 4954 (HB), 2005 WL 2100518
  (S.D.N.Y. Sept. 1, 2005)………………………………….………………………...13

*McGregor-Doniger Inc. v. Drizzle Inc.*,
  599 F.2d 1126 (2d Cir. 1979)……………………………………………………16

*Mejia & Assocs., Inc. v. Int'l Bus. Machs. Corp.*,
  920 F. Supp. 540 (S.D.N.Y. 1996)…………………………………………..16,21,22

*New Look Party, Ltd. v. Louise Paris, Ltd.*,
  No. 11-cv-6433, 2012 WL 251976 (S.D.N.Y. Jan. 11, 2012)……………….…….23

*Nora Beverages, Inc. v. Perrier Grp. of Am.*,
  269 F.3d 114 (2d Cir. 2001)……………………………………………….....15,16,20,22

*O'Keefe v. Ogilvy & Mather Worldwide, Inc.*,
  590 F. Supp. 2d 500 (S.D.N.Y. 2008)…………………………………….………14,16

*Paco Sport, Ltd. v. Paco Rabanne Parfums*,
  86 F. Supp. 2d 305 (S.D.N.Y. 2000), *aff'd*, 234 F.3d 1262 (2d Cir. 2000)……………..24

*Polaroid Corp. v. Polarad Electronics Corp.*
  287 F.2d 492 (2d Cir. 1961)……………………………………………………...15

*Reply All Corp. v. Gimlet Media, LLC*,
  843 F. App'x 392 (2d Cir. 2021)…………………………………………….....20

iv

*Savin Corp. v. Savin Grp.*,
    391 F.3d 439 (2d Cir. 2004)…………………………………………………………..15

*Saxon Glass Techs., Inc. v. Apple Inc.*,
    393 F. Supp. 3d 270 (W.D.N.Y. 2019) *aff'd*, 824 F. App'x 75 (2d Cir. 2020)……….10,12

*Servpro Indus. Inc. v. Zerorez of Phoenix LLC*,
    339 F. Supp. 3d 898 (D. Ariz. 2018)……………………………………………………19

*SLY Magazine, LLC v. Weider Publ'ns L.L.C.*,
    346 F. App'x 721 (2d Cir. 2009)……………………………………………..……..15

*Soweco, Inc. v. Shell Oil Co.*,
    617 F.2d 1178 (5th Cir. 1980)………………………………………………...…13

*SportFuel, Inc. v. PepsiCo, Inc.*,
    932 F.3d 589 (7th Cir. 2019)………………………………………………….....11

*Star Indus., Inc. v. Bacardi & Co.*,
    412 F.3d 373 (2d Cir. 2005)…………………………………………………………15

*Swatch Grp. (U.S.) Inc. v. Movado Corp.*,
    No. 01 Civ. 0286 (RLC), 2003 WL 1872656 (S.D.N.Y. Apr. 10, 2003)…………..……16,22

*THOIP v. Walt Disney Co.*,
    736 F. Supp. 2d 689 (S.D.N.Y. 2010)……………………………………………16,22,24

*THOIP v. Walt Disney Co.*,
    788 F. Supp. 2d 168 (S.D.N.Y. 2011)……………………………………………..…15,16

*Universal City Studios, Inc. v. Nintendo Co.*,
    746 F.2d 112 (2d Cir. 1984)………………………………………………………..15

*Vista Food Exch., Inc. v. Vistar Corp.*,
    No. 03-CV-5203 DRH WDW, 2005 WL 2371958 (E.D.N.Y. Sept. 27, 2005)………...16

*Warner Bros. Inc. v. Am. Broad. Cos.*,
    720 F.2d 231 (2d Cir. 1983)……………………………………………………..15

*Wonder Labs, Inc. v. Procter & Gamble Co.*,
    728 F. Supp. 1058 (S.D.N.Y. 1990)…………………………………………....10,14,16

*Wright v. New Moda, LLC*,
    No. 17CV9737 (JGK), 2020 WL 4288377 (S.D.N.Y. July 27, 2020)…………………..22

**Statutes**

15 U.S.C. 1125(a)…………………………………………………………………………8

15 U.S.C. § 1115(b)(4)………………………………………………...………………8,9

**Secondary Sources**

2 McCarthy on Trademarks and Unfair Competition § 11:87 (5th ed.)………………………18

1 McCarthy on Trademarks and Unfair Competition § 7:23 (5th ed.)………………………...18

Defendant H&M Hennes & Mauritz L.P. ("H&M") respectfully submits this memorandum of law in support of its motion pursuant to Federal Rule of Civil Procedure 56 for summary judgment dismissing the Complaint (the "Complaint") of Plaintiff Stay You, LLC. ("Plaintiff").

## I.    INTRODUCTION

Plaintiff contends that H&M's use of the phrase "Stay True Stay You" infringes its mark "Stay You." However, H&M's use of the phrase "Stay True Stay You" was a fair use as a matter of law. H&M used the phrase purely as an inspirational message in connection with a limited line of products to commemorate the pride movement and in support of the LGBTQI+ community in June 2019 (the "Pride Collection").

The Pride Collection was promoted for only one month and marketed under the famous H&M brand. H&M used the phrase other than as a trademark, descriptively and in good faith. Accordingly, H&M's use of the phrase was a descriptive, fair use – a complete defense to Plaintiff's claims.

In addition, there is no likelihood of confusion between H&M's Pride Collection products and Plaintiff. Under an analysis of the *Polaroid* factors, it is unquestionable that no appreciable segment of the relevant purchasing public would mistakenly associate H&M's Pride Collection products with Plaintiff, much less be confused as to the source of the products. Therefore, H&M's limited use of "Stay True Stay You" does not infringe Plaintiff's trademark as a matter of law.

Accordingly, for the reasons explained herein, the Court should grant H&M's motion for summary judgment.

## II.   FACTS

### A.     The Parties

Plaintiff Stay You, LLC ("Plaintiff") is an Arizona limited liability company organized on June 17, 2019 and located in Arizona. Plaintiff asserts trademark rights in the phrase "Stay You." USMF ¶ 1. Defendant H&M is a retailer based in New York, New York. USMF ¶ 3.

1

H&M sells fashion clothing, accessories and other products in its stores located throughout the United States and on its ecommerce website. USMF ¶ 3. H&M brand products are sold exclusively by H&M in its stores and on its website. USMF ¶ 3, 43, 44. Significantly, H&M is a globally famous brand. USMF ¶ 4.

### B. H&M's 2019 Pride Collection

In the United States and many other countries, the month of June is celebrated as "Pride Month," during which the pride community (also known as the "LGBTQI+ Community") highlights self-affirmation, dignity, equality, and increased visibility as a social group. USMF ¶ 34. In June, 2019, H&M released a limited collection of clothing and accessory products to commemorate Pride Month and the LGBTQI+ Community entitled the "Love for All Collection" (the "Pride Collection"). USMF ¶¶ 5, 6, 42. H&M promoted the limited collection only during the month of June 2019. USMF ¶¶ 33-36. In support of the pride movement and equality for the LGBTQI+ Community, H&M donated 10% of each sale of products from the Pride Collection to the United Nations Foundation, a non-profit organization in support of the United Nations Free & Equal Initiative ("UNFE") – the United Nations global campaign focused on the goal of promoting equal rights and fair treatment of LGBTQI+ people. USMF ¶ 39.

The Pride Collection consisted of 38 products marketed under the phrase "Stay True Stay You," which was selected by H&M's parent company H&M Hennes & Mauritz AB, located in Stockholm, Sweden ("H&M Sweden"). USMF ¶¶ 7, 8, 41, 24. The phrase was located through a search of Pinterest for inspirational phrases related to the LGBTQI+ Community. USMF ¶¶ 25, 30. "Stay True Stay You" was selected for the Pride Collection because it communicates the message of individuality, diversity, self-acceptance, self-confidence and equality, and empowers the wearer to embrace those attributes. USMF ¶ 26, 37, 38. The phrase "Stay True Stay You" is ubiquitously used in connection with general inspirational messages as well as affirmations regarding the LGBTQI+ Community. USMF ¶ 27.

Of the 38 products in the Pride Collection, four contained the phrase "Stay True Stay You" on the item. USMF ¶ 41. The phrase "Stay True Stay You" was just one of several inspirational messages associated with the Pride movement used by H&M to describe its Pride Collection, including others such as "Love for All," "Everybody is Free to Love," Love," "Pride," and "Proud." USMF ¶ 32. Further, the colors for the Pride Collection were inspired by the rainbow colors of the LBGTQI pride flag, which is shown below:



USMF ¶¶ 28, 29. All of the products in the Pride Collection contained rainbow colors, except for one shirt created to promote the UNFE, which was black and white. USMF ¶ 31. The UNFE shirt and other sample products from the Pride Collection are shown below:



3



USMF ¶ 31. To indicate H&M's collaboration with the UNFE, each of the products from the Pride Collection was sold with a hangtag that directed consumers to a page on H&M's website dedicated to the UNFE campaign, as shown below and on H&M's website:



USMF ¶ 40, 45. Each item from the Pride Collection contained two hangtags – H&M's retail hangtag with the product price and the UNFE hangtag – and both hangtags contained H&M's well-known "H&M" trademark. USMF ¶¶ 40, 45. In addition, each clothing item from the Pride Collection contained an additional item tag with the "H&M" house mark or the "DIVIDED" mark for H&M's Divided Collection, which is a line of products generally targeted towards

teenagers and young adults. USMF ¶¶ 46, 47, 50. H&M owns registered trademarks for "H&M" and "DIVIDED." USMF ¶ 46.

### C.   Plaintiff and Its Products

Plaintiff's principal is a social influencer named Joey Kidney, who resides in Ottawa, Ontario, Canada. USMF ¶¶ 9, 10. As a mental health advocate, Mr. Kidney creates social media content regarding mental health issues. USMF ¶ 11. The "Stay You" mark is derived from Mr. Kidney's first use of the phrase "Stay You Stay Beautiful" as a sign-off for videos published to his YouTube account, which he continues to use as a sign-off for his YouTube videos. USMF ¶¶ 12-14, 118, 124. Plaintiff sells clothing items and other products bearing the phrase "Stay You" through its website and at in-person events with Mr. Kidney, examples of which are shown below:



USMF ¶ 2, 120.

**D.     The Extensive Third-Party Use of "Stay You" and "Stay True Stay You"**

"Stay You" and "Stay True Stay You" are common motivational phrases widely used by third parties for clothing items, blog posts, wall décor, books, and other products. USMF ¶¶ 15-23, 54-113.

In particular, well-known companies such as Old Navy and adidas have sold clothing products bearing the phrase "Stay You," as well as "Stay True Stay You." USMF ¶¶ 54, 76-78. Examples of the numerous products sold by third-party brands bearing the "Stay You" and "Stay True Stay You" phrases are shown below:





| THORSHIRTS | RYAN CASSATA (MUSICIAN, LGBTQI+ ACTIVIST) |
|---|---|
| | |
| ADIDAS | HOLLISTER |
| | |

USMF ¶¶ 54-113.

On February 18, 2020, the Plaintiff filed the Complaint in this action, alleging claims of (i) common law unfair competition; (ii) trademark infringement under common law; and (iii) federal unfair competition under 15 U.S.C. § 1125(a).

## III.   ARGUMENT

### A.   The Legal Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact such that the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477

U.S. 317, 322-23 (1986); *Kelly-Brown v. Winfrey,* 95 F. Supp. 3d 350, 357 (S.D.N.Y. 2015). In order to avoid summary judgment, the non-moving party may not rest on mere conclusory allegations or unsupported speculations. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). If the non-movant fails to establish an element on which it bears the burden of proof, summary judgment must be granted. *See Celotex,* 477 U.S. at 322-23. As explained below, summary judgment for H&M is appropriate because the undisputed facts establish that (1) H&M's use of "Stay True Stay You" is a fair use; and (2) there is no likelihood of confusion.

>   **B.     H&M's Use of "Stay True Stay You" Was a Fair Use**

It is a fundamental tenet of trademark law that the use of a mark in a descriptive or otherwise non-trademark manner constitutes fair use, a complete defense to claims of trademark infringement and unfair competition. The Lanham Act provides a defense to a claim of trademark infringement where "the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, ... which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin." 15 U.S.C. § 1115(b)(4).

Summary judgment as to claims of federal trademark infringement and unfair competition under 15 U.S.C. 1125(a) is warranted where fair use of the disputed term is found. *See Kelly-Brown v. Winfrey*, 95 F. Supp. 3d 350, 359 (S.D.N.Y. 2015), *aff'd on other grounds*, 659 F. App'x 55 (2d Cir. 2016) (the defendants' use of "Own Your Power" for promotional purposes was fair because it is a "commonly used phrase and was used in a descriptive, non-trademark way"); *Dessert Beauty, Inc. v. Fox*, 568 F. Supp. 2d 416, 425 (S.D.N.Y. 2008), *aff'd,* 329 F. App'x 333 (2d Cir. 2009) (use of the term "love potion" in connection with fragrances fair because it "describes the effects that the products may have on… the wearer," "is a common term in the English language" and was "used with other words to form a phrase describing the products"); *B & L Sales Assocs. v. H. Daroff & Sons, Inc.*, 421 F.2d 352, 354 (2d Cir.1970) (fair use where the clothing manufacturer's use of the words "Come on

Strong" was "a common slang term, the general use of which plaintiff cannot prevent by registering it win connection with certain goods.").

H&M's use of "Stay True Stay You" is a fair use as a matter of law because H&M: (1) did not use "Stay True Stay You" as a trademark to identify the source of any products; (2) used the phrase descriptively as a social message in connection with the Pride Collection and United Nations Foundation; and (3) used "Stay True Stay You" in good faith. *See* 15 U.S.C. 1115(b)(4); *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc*., 543 U.S. 111, 122 (2004); *Kelly-Brown v. Winfrey*, 95 F. Supp. 3d 350, 363 (S.D.N.Y. 2015), *aff'd* 659 F. App'x 55 (2d Cir. 2016); *Dessert Beauty, Inc. v. Fox*, 568 F. Supp. 2d 416, 423 (S.D.N.Y. 2008).

## 1.   H&M Used the Phrase Other Than as a Mark

"A trademark use occurs when a mark indicates the source or origin of consumer products." *Dessert Beauty*, 568 F. Supp. 2d at 424. What matters is not how Plaintiff uses "Stay You," but whether H&M uses "Stay True Stay You" descriptively. *See Car-Freshner Corp. v. S.C. Johnson & Son, Inc*., 70 F.3d 267, 269 (2d Cir.1995). The undisputed facts show that H&M's use of the phrase "Stay True Stay You" was fair use as a matter of law because the phrase was not used as a trademark. Rather, H&M used the phrase to promote a limited collection of clothing and accessory products specifically designed to commemorate Pride month in June 2019. To that end, H&M used the "Stay True Stay You" phrase as a social message commonly directed to the Pride community to communicate the theme of self-acceptance and self-confidence, *i.e.* to stay true to yourself and be yourself in anything that you do. USMF ¶¶ 15, 17, 26. The phrase was intended to be, and would be understood by the target audience, purely as a social message.[1] H&M also used "Stay True Stay You" to complement the United Nations' Free & Equal Initiative to promote equal rights and fair treatment of LGBTQI+ people. USMF ¶ 39. Moreover, H&M used the phrase for only one month to promote the Pride Collection in June

---

[1] H&M has a vast portfolio of U.S. trademark registrations for the products its sells. USMF ¶ 46. Notably, H&M did not apply to register "Stay True Stay You" with the U.S. Patent & Trademark Office. This is further indicative of the fact that H&M used the phrase descriptively and not as a trademark.

2019. This too is inconsistent with the notion of trademark use, which is based on a continuous use of the mark in commerce. Further, the hangtags on the Pride Collection goods contain the H&M trademark, but not the "Stay True Stay You" phrase. USMF ¶¶ 40, 45-47. This is further evidence that the phrase is not, and was not used as, a trademark. Also, the fact that only four of the 38 products in the Pride Collection contained the phrase "Stay True Stay You" on the item evidences that the phrase was used not as a trademark, but as one of a number of inspirational messages in its campaign. USMF ¶¶ 32, 41; *see e.g.* Section II(B). The only H&M trademarks used in connection with the Pride Collection were H&M and DIVIDED, both of which are registered in the U.S. Patent and Trademark Office. USMF ¶¶ 46.

In sum, H&M did not use "Stay True Stay You" as a trademark or for the Pride Collection. *See Cosmetically Sealed Indus., Inc. v. Chesebrough-Ponds USA Co*., 125 F.3d 28, 30-31 (2d Cir. 1997) (affirming dismissal of trademark infringement claims on summary judgment based on fair use defense where the accused mark was only used in a single advertising campaign and the promotional display prominently displayed the defendant's house mark); *Car-Freshner Corp. v. S.C. Johnson & Son, Inc*., 70 F.3d 267, 270 (2d Cir. 1995) (use of house marks -- S.C. Johnson's corporate logo, "Glade" and "Glade Plug-Ins" -- on the packaging and on the accused air freshener products supported finding of fair use); *Wonder Labs, Inc. v. Procter & Gamble Co*., 728 F. Supp. 1058, 1064 (S.D.N.Y. 1990) (use of well-known house mark in advertising served as a source indicator and supported a finding of fair use); *Saxon Glass Techs., Inc. v. Apple Inc.*, 393 F. Supp. 3d 270, 297-98 (W.D.N.Y. 2019) *aff'd*, 824 F. App'x 75 (2d Cir. 2020) (use of Apple's word mark and logo supported finding of fair use).

Accordingly, the undisputed evidence demonstrates that the phrase "Stay True Stay You" would be understood by typical observers as a social message, and not as an indicator of source.

### 2.      H&M Used the Phrase in a Descriptive Sense

As the Supreme Court has noted, trademark law does not allow "anyone to obtain a complete monopoly on use of a descriptive term simply by grabbing it first." *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc*., 543 U.S. 111, 122 (2004). Whether the use of a

mark is descriptive is not narrowly confined to words that describe a characteristic of the goods, such as size or quality, but permits use of word that are used in their "descriptive sense." *Cosmetically Sealed Indus. v. Chesebrough-Pond's USA Co.*, 125 F.3d 28, 30 (2d Cir. 1997). Words that are used in their "descriptive sense" include messages meant to be conveyed by the seller of the product and communicated to consumers of the product. *See Cosmetically Sealed Indus. v. Chesebrough-Pond's USA Co.*, 125 F.3d 28, 30 (2d Cir. 1997) (finding fair use of "Seal it with a Kiss" where the words did not describe a characteristic of the defendants' lip product but were used in their "descriptive sense" "to describe an action that the sellers hope consumers will take, using their product"); *B & L Sales Associates v. H. Daroff & Sons, Inc.,* 421 F.2d 352, 354 (2d Cir. 1970) (fair use defense applicable to a clothing manufacturer's use of the phrase "Come on Strong" as "describing a presumably desirable effect" of its menswear, even though articles of clothing do not literally "come on strong"); *SportFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 599 (7th Cir. 2019) (finding fair use of "Sports Fuel" with regard to the defendants' sports drinks where the phrase was used in a "descriptive sense" to describe "goods that are provided by a company that provides sports nutrition").

Significantly, H&M's use of the phrase in a descriptive sense is supported by the fact that "Stay True Stay You" and "Stay You" are commonly used by numerous third parties as a social message, including by those who identify as members of the Pride community, for apparel. USMF ¶ 27. The phrases "Stay True" and "Stay You" are so commonly used by the public that they are defined in a popular crowd-sourced dictionary. USMF ¶¶ 15, 17. In the Urban Disctionary, "Stay True" is defined by the public as keeping "to what you believe in no matter what" (USMF ¶ 15), while "Stay You" is defined as "[t]o be yourself in anything you do" (USMF ¶ 17). The social message H&M sought to communicate through its Pride Collection in support of the Pride Community and UNFE – namely, individuality, diversity, self-affirmation, self-acceptance, self-confidence, equality and dignity – is fully embodied in the two dictionary definitions of "Stay True" and "Stay You." (USMF ¶¶ 25, 26, 37, 38). In choosing the descriptive phrase "Stay You" as a mark, "[Plaintiff] therefore accepted the risk that other

11

businesses would use similar terminology to truthfully describe their own products." *Saxon Glass*, 393 F. Supp. at 298; *see also Cosmetically Sealed Indus.*, 125 F.3d at 30 ("If any confusion results, that is a risk the plaintiff accepted when it decided to identify its product with a mark that uses a well known descriptive phrase."). Here, Plaintiff was no doubt fully aware that it had chosen a well-known social message as its mark. USMF ¶ 17, 54-70.

Consistent with the foregoing case law precedent, H&M's use of "Stay True Stay You" falls squarely within the "descriptive sense" standard because H&M used that phrase as a social message of the Pride movement and to communicate the theme and designs of the Pride Collection. Further, the phrase "Stay True Stay You" was just one of several common social messages associated with the Pride movement used by H&M to describe its Pride Collection, including others such as "Love for All," "Everybody is Free to Love," "Love," "Pride," and "Proud." USMF ¶ 32; *see also* examples shown above in Section II(B). As another example, H&M used "Stay True Stay You" to explain that the Pride Collection "celebrates you and love," as shown here:



USMF ¶ 26. H&M's use of the "Stay True Stay You" phrase is used descriptively as a social message of the charitable "Free & Equal" initiatve of the UNF to promote diversity and LGBTQI+ rights. USMF ¶¶ 26, 39.

The undisputed evidence shows that H&M uses "Stay True Stay You" to describe a social message for the Pride movement and thus, the second element of the fair use test is met. *See, e.g. See Kelly-Brown,* 95 F. Supp. 3d at 365 (fair use where the disputed phrase "Own Your Power" described an "overall message of self-empowerment" and was used as "a common

motivational exhortation" for many years). *See also Andy Warhol Enters., Inc. v. Time Inc*., 700 F. Supp. 760, 767 (S.D.N.Y. 1988) (fair use of "Interview" for magazine section did not infringe INTERVIEW for magazines); *Soweco, Inc. v. Shell Oil Co*., 617 F.2d 1178, 1186-87 (5th Cir. 1980) (fair use of "larvicide" did not infringe LARVACIDE).

### 3.    H&M's Use of the Phrase Was in Good Faith

In analyzing the good faith element of the fair use analysis, the focus of the inquiry is whether defendant in adopting the accused mark intended to capitalize on plaintiff's good will. *Dessert Beauty, Inc. v. Fox*, 568 F. Supp. 2d 416, 426 (S.D.N.Y. 2008) (citation and quotations omitted). Good faith may be "evidenced by the fact that the source of the defendants' product is clearly identified by the prominent display of the defendants' own trademarks." *Cosmetically Sealed Indus*., 125 F.3d at 30.

The undisputed facts demonstrate that H&M used "Stay True Stay You" in good faith. First, the phrase "Stay True Stay You" was selected by H&M Sweden without any awareness of the Plaintiff's use of the "Stay You" mark. USMF ¶¶ 25, 30. Rather, the phrase was located through a search of Pinterest for inspirational phrases related to the LGBTQI+ Community. The phrase "Stay True Stay You" was ultimately selected for the Pride Collection because it communicates the message of individuality, self- acceptance and self-confidence, and empowers the wearer to embrace those attributes. USMF ¶ 26, 37-39. Second, H&M's use of the phrase in good faith in connection with the Pride Collection is evidenced by H&M's prominent use of its famous H&M trademark on and in connection with the products. USMF ¶¶ 46-7. Accordingly, H&M used "Stay True Stay You" in good faith.

In sum, H&M's use of "Stay True Stay You" is fundamentally a descriptive fair use. Therefore, the Court should grant summary judgment in H&M's favor on all of the Plaintiff's claims. *See KP Permanent*, 543 U.S. at 122; *see also Car-Freshner*, 70 F.3d at 270; *Kelly-Brown*, 95 F. Supp. 3d at 365; *Dessert Beauty*, 568 F. Supp. 2d at 423; *McGraw-Hill Cos. v. Int'l Secs. Exch., Inc.*, No. 05 Civ. 1129 (HB), 05 Civ. 4954 (HB), 2005 WL 2100518, at *9 (S.D.N.Y. Sept. 1, 2005); *Wonder*, 728 F. Supp. at 1064.

13

**C.      There is No Likelihood of Confusion Between the H&M Products and Plaintiff**

In addition to the fact that H&M used the phrase "Stay True Stay You" descriptively, there is no likelihood of confusion based on an analysis of the traditional *Polaroid* factors. "[T]he key element a plaintiff must prove . . . in order to succeed in a trademark infringement suit [is] that there is a likelihood of confusion, or, in other words, that numerous ordinary prudent purchasers are likely to be misled or confused as to the source of the product in question because of the entrance in the marketplace of defendant's mark." *Gruner + Jahr USA Publ'g v. Meredith Corp.*, 991 F.2d 1072, 1077 (2d Cir. 1993). To prevail on its claims for trademark infringement under common law and unfair competition under federal and state law,[2] Plaintiff bears the burden of proving that (1) its "Stay You" mark is a valid mark that is entitled to protection and (2) H&M's use of "Stay True Stay You" is likely to cause confusion. *See id.*, 991 F.2d at 1075.

Even assuming *arguendo* that the "Stay You" mark is valid and protectable, Plaintiff's trademark infringement and unfair competition claims all fail because Plaintiff cannot show a likelihood of confusion, whether forward or reverse. Forward confusion "occurs when a consumer mistakenly believes that the senior user is the source of the junior user's product." *J.T. Colby & Co. v. Apple Inc.*, No. 11 Civ. 4060 (DLC), 2013 WL 1903883, at *15 (S.D.N.Y. May 8, 2013). Reverse confusion occurs when "[t]he public comes to assume the senior user's products are really the junior user's or that the former has become somehow connected to the latter." *First Nat'l Bank of Omaha, Inc. v. Mastercard Int'l Inc.*, 03 CIV. 707 (DLC), 2004 WL 1575396, at *12 (S.D.N.Y. July 15, 2004). To prevail, Plaintiff "must demonstrate 'a probability of confusion, not a mere possibility.'" *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F. Supp. 2d 500, 519 (S.D.N.Y. 2008) (quoting *Star Indus., Inc. v. Bacardi & Co.*, 412 F.3d 373, 383 (2d Cir. 2005)).

---

[2] The Plaintiff filed the Complaint in this action on February 18, 2020, alleging claims of (i) common law unfair competition; (ii) trademark infringement under common law; and (iii) federal unfair competition under 15 U.S.C. § 1125(a). Plaintiff did not allege a claim of infringement of a federally registered trademark under 15 U.S.C. § 1114.

14

To determine whether a likelihood of confusion exists, the Court evaluates the eight factors set forth in *Polaroid Corp. v. Polarad Electronics Corp.*: (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the senior user may "bridge the gap" by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market. 287 F.2d 492 (2d Cir. 1961). *See Codename Enters., Inc. v. Fremantlemedia N. Am., Inc.*, No. 16 Civ. 1267 (AT) (SN), 2018 WL 3407709, at *5 (S.D.N.Y. Jan. 12, 2018); *Bonilla v. H&M Hennes & Mauritz L.P.*, No. 12 Civ. 6919 (LAK) (MHD), 2014 WL 12661621, at *7 (S.D.N.Y. Apr. 16, 2014); *Denimafia Inc. v. New Balance Athletic Shoe, Inc.*, No. 12 Civ. 4112 (AJP), 2014 WL 814532, at *10 (S.D.N.Y. Mar. 3, 2014); *THOIP v. Walt Disney Co.*, 788 F. Supp. 2d 168, 178 (S.D.N.Y. 2011) ("THOIP II").

In some cases, as here, only a few of the *Polaroid* factors are dispositive. The *Polaroid* analysis is not a rigid, mechanical test. Rather, the factors are to be analyzed in view of the particular facts unique to the case. Courts in this Circuit routinely grant summary judgment to defendant where plaintiff fails to come forward with evidence that confusion is likely. *See LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A.*, 720 F. App'x 24 (2d Cir. 2017); *Kelly-Brown v. Winfrey*, 659 F. App'x 55 (2d Cir. 2016); *J.T. Colby & Co. v. Apple Inc.*, 58 F. App'x 8 (2d Cir. 2014); *SLY Magazine, LLC v. Weider Publ'ns L.L.C.*, 346 F. App'x 721 (2d Cir. 2009) ("SLY II"); *Savin Corp. v. Savin Grp.*, 391 F.3d 439 (2d Cir. 2004); *Nora Beverages, Inc. v. Perrier Grp. of Am.*, 269 F.3d 114 (2d Cir. 2001); *Lang v. Ret. Living Publ'g Co.*, 949 F.2d 576 (2d Cir. 1991); *Universal City Studios, Inc. v. Nintendo Co.*, 746 F.2d 112 (2d Cir. 1984); *Warner Bros. Inc. v. Am. Broad. Cos.*, 720 F.2d 231 (2d Cir. 1983); *Codename*, 2018 WL 3407709; *Crye Precision LLC v. Duro Textiles, LLC*, No. 15 cv 1681 (DLC), 2016 WL 1623943 (S.D.N.Y. Apr. 22, 2016); *Bonilla*, 2014 WL 12661621; *Denimafia*, 2014 WL 814532; *Dudley v. Healthsource Chiropractic, Inc.*, 883 F. Supp. 2d 377, 386 (W.D.N.Y. 2012); THOIP II, 788 F. Supp. 2d 168;

15

*THOIP v. Walt Disney Co*., 736 F. Supp. 2d 689 (S.D.N.Y. 2010) ("THOIP I"); *Advance Magazine Publishers, Inc. v. Norris*, 627 F. Supp. 2d 103 (S.D.N.Y. 2008); *Louis Vuitton Malletier v. Dooney & Bourke, Inc*., 561 F. Supp. 2d 368 (S.D.N.Y. 2008); *O'Keefe*, 590 F. Supp. 2d 500; *Vista Food Exch., Inc. v. Vistar Corp*., No. 03-CV-5203 DRH WDW, 2005 WL 2371958 (E.D.N.Y. Sept. 27, 2005); *Mastercard Int'l Inc. v. Nader 2000 Primary Comm., Inc*., No. 00 Civ. 6068 (GBD), 2004 WL 434404 (S.D.N.Y. Mar 8, 2004); *Malaco Leaf, AB v. Promotion in Motion, Inc*., 287 F. Supp. 2d 355 (S.D.N.Y. 2003); *Swatch Grp. (U.S.) Inc. v. Movado Corp*., No. 01 Civ. 0286 (RLC), 2003 WL 1872656 (S.D.N.Y. Apr. 10, 2003); *Brockmeyer v. Hearst Corp*., 248 F. Supp. 2d 281 (S.D.N.Y. 2003); *Horn's, Inc. v. Sanofi Beaute, Inc*., 963 F. Supp. 318 (S.D.N.Y. 1997); *Mejia & Assocs., Inc. v. Int'l Bus. Machs. Corp.*, 920 F. Supp. 540 (S.D.N.Y. 1996); *Wonder*, 728 F. Supp. 1058; *Harvey Cartoons v. Columbia Pictures Indus., Inc*., 645 F. Supp. 1564 (S.D.N.Y. 1986).

Summary judgment for H&M is likewise appropriate here because, as a matter of law, there is no likelihood of confusion.

### 1.    Plaintiff's Mark Is Weak

The first *Polaroid* factor, the strength of the plaintiff's mark, focuses on "'the distinctiveness of the mark, or more precisely, its tendency to identify the goods' as coming from a particular source." *Lang*, 949 F.2d at 581 (quoting *McGregor-Doniger Inc. v. Drizzle Inc*., 599 F.2d 1126, 1131 (2d Cir. 1979)); *see also Nora*, 269 F.3d at 123. Courts begin the likelihood of confusion analysis with the strength of the mark factor because this defines the scope of protection to which the mark is entitled. Weak trademarks are subject to an extremely narrow scope of protection. This is because, where a plaintiff's mark is weak in that it is not known by the relevant purchasers of the defendant's goods, those consumers who are not familiar with the plaintiff's mark cannot be confused by the defendant's use of its mark. "To gauge a mark's strength, the court considers both its inherent or conceptual distinctiveness as well as its [commercial] strength in the marketplace." *Codename*, 2018 WL 3407709, at *5. Here, Plaintiff's "Stay You" mark is both conceptually and commercially weak.

### a. Plaintiff's Mark is Conceptually Weak

"In evaluating a mark's conceptual distinctiveness, courts classify marks in ascending order of strength as (1) generic, (2) descriptive, (3) suggestive, or (4) arbitrary or fanciful." *Id*. In both forward and reverse confusion cases, "a plaintiff with a conceptually weak mark is less likely to prevail." *First Nat'l*, 2004 WL 1575396, at *12.

Here, Plaintiff's "Stay You" mark is descriptive. Plaintiff uses the mark to describe itself as a mental health brand and Mr. Kidney's role as the brand's "mental health advocate." USMF ¶¶ 11, 13, 122, 123. Similar to H&M's descriptive use of the phrase "Stay True Stay You," Plaintiff descriptively uses its "Stay You" mark as a social message to convey self-acceptance and self-confidence in support of mental health awareness. Mr. Kidney has explained of his "mental health brand:"

> ["Stay You"] was born from a personal mantra I was saying at the end of my videos, "Stay You, Stay Beautiful." It stems from my personal battle with mental health and how I use my true life experiences to not only discuss mental health but to showcase my path to what I hope is recovery…. "Stay You" represents the struggle for all of us to be "Normal" or what others perceive to be normal. I also get to express my passion for fashion…."

USMF ¶ 19. It is clear from Mr. Kidney's statements, alone, that the descriptive nature of Plaintiff's mark renders it conceptually weak. *See*, *e.g.*, *Advance Magazine*, 627 F. Supp. 2d at 114 (TASTEMAKERS for nightlife guide described "target audience and [a] general lifestyle concept" and was weak); *Malaco*, 287 F. Supp. 2d at 369-70 (SWEDISH FISH for fish-shaped candy from Sweden was descriptive and weak).

The conceptual weakness of Plaintiff's "Stay You" mark is also evidenced by the fact that the mark is a common phrase in the context of inspirational messages. As explained by Professor McCarthy in his seminal trademark treatise, "[u]ndoubtedly, common phrases and bits of slang which are in routine, everyday use are relatively weak as trademarks simply because their common occurrence makes it difficult for them to stand out as source identifiers. 2

17

McCarthy on Trademarks and Unfair Competition § 11:87 (5th ed.); *see also* 1 McCarthy on Trademarks and Unfair Competition § 7:23 (5th ed.) (stating that "Commonly-Used Phrases and Slogans Are Weak Trademarks" and "properly given a narrow scope of protection"). *See also e.g.*, *In Re Sarah Marie Duncan d/b/a Loved by Hannah & Eli, Inc.*, No. 86923714, 2021 WL 725585, at *12 (Feb. 3, 2021) (MAMA BEAR for clothing failed to function as a trademark because the phrase is "widely used and generally understood term that conveys a message of aggressive protective parenting"); *In Re Team Jesus LLC,* No. 88105154, 2020 WL 7312021, at *8 (Dec. 10, 2020) (TEAM JESUS for clothing and apparel failed to function as a trademark); *In Re Pif Grp. LLC*, No. 88084519, 2020 WL 7383506, at *8 (Nov. 23, 2020) (SHE KNEW SHE COULD for, *inter alia*, clothing and apparel failed to function as a trademark); *In Re Mayweather Promotions, LLC*, No. 86753084, 2020 WL 6689736, at *7 (Oct. 29, 2020) (PAST PRESENT FUTURE in connection with t-shirts failed to function as a trademark on the ground it is a "commonplace expression of a familiar concept and not as a source indicator."); *In Re Texas with Love, LLC*, No. 87793802, 2020 WL 6689657, at *10 (Oct. 29, 2020) (TEXAS LOVE for clothing and hats failed to function as a trademark because the phrase serves "only serves as an expression of a concept or sentiment, and is widely used by third-parties.").

Indeed, Plaintiff is aware that "Stay You" is a commonly used phrase because it has used the dictionary definition of "Stay You" of "to be yourself in anything [that] you do" as a social message for its products. USMF ¶ 17. Therefore, as a commonly used phrase, Plaintiff's "Stay You" mark has extremely limited protection, notwithstanding that it is a registered mark. *Dessert Beauty,* F. Supp. 2d at 425 ("love potion" in connection with fragrances weak because it "is a common term in the English language"); *Cosmetically Sealed Indus., Inc. v. Chesebrough–Pond's USA Co.,* 125 F.3d 28, 30–31 (2d Cir.1997) ("sealed with a kiss" in connection with lip products weak because it is a "well known descriptive phrase" and "is a fixture of the language and used by generations of school girls, who have given it such currency that it is readily recognized when communicated only as an acronym"); *B & L Sales Assocs. v. H. Daroff & Sons, Inc.*, 421 F.2d 352, 354 (2d Cir. 1970) ("come on strong" in connection with clothing weak

because it "is a common slang term"); *Amusement Art, LLC v. Life Is Beautiful, LLC*, 768 F.

App'x 683, 687 (9th Cir. 2019) ("Life is Beautiful" in connection with art weak because it "is a

well-used trope that appears in a variety of different media, including books and movies");

*Servpro Indus. Inc. v. Zerorez of Phoenix LLC*, 339 F. Supp. 3d 898, 910 (D. Ariz. 2018) ("Like

it Never Happened" in connection with cleaning services weak because "a phrase that has been

part of the American vernacular for decades makes for a very weak trademark") (citation and

quotations omitted).

Accordingly, "Stay You" is conceptually weak.

### b. Plaintiff's Mark is Commercially Weak

In assessing strength, courts also consider whether a mark has commercial strength. *See*

*Codename*, 2018 WL 3407709, at *6. To determine whether a mark is commercially strong,

courts consider the secondary meaning factors, i.e., (1) advertising expenditures, (2) consumer

studies, (3) unsolicited media coverage, (4) sales success, (5) attempts to plagiarize the mark, and

(6) the length of plaintiff's exclusive use of the mark. *See id.*; *Advance Magazine*, 627 F. Supp.

2d at 116. The undisputed evidence shows that none of these factors favor Plaintiff.

First, with respect to advertising expenditures, Plaintiff confirmed that no such

documents exist in response to H&M's repeated requests for advertising, marketing and/or

promotional expenditures and related budgets for its products. USMF ¶ 114.

Second, Plaintiff has not offered any consumer studies that show that any consumers

associate the "Stay You" mark with Plaintiff, which weighs against a finding of commercial

strength. *See Denimafia*, 2014 WL 814532, at *12; *Herbko Int'l, Inc. v. Gemmy Indus. Corp.*,

916 F. Supp. 322, 329 (S.D.N.Y. 1996).

Third, Plaintiff has not produced any evidence of unsolicited media coverage discussing

the "Stay You" phrase in connection with its business. USMF ¶ 115.[3]

---

[3] While Plaintiff produced one third-party article, dated October 24, 2019, consisting of an
interview of Mr. Kidney, this lone article dated after H&M's Pride campaign at issue is not
unsolicited media coverage. *Reply All Corp. v. Gimlet Media, LLC*, 843 F. App'x 392, 395-96
(2d Cir. 2021) (finding fair use on summary judgment and lack of distinctiveness in the

Fourth, Plaintiff's sales also show that "Stay You" is commercially weak. Prior to incorporating Plaintiff on June 17, 2019, Mr. Kidney sold his clothing products through his manager David Graham's eCommerce website under Mr. Graham's "PressPlay" brand. USMF ¶ 119. Because Mr. Kidney's products were not sold under the "Stay You" mark prior to June 2019, any sales of Mr. Kidney's products prior to June 2019 are irrelevant. Nevertheless, Plaintiff's sales for the 14-month period before its incorporation and before H&M's Pride Collection was released in June 2019, between April 2018 and May 2019,[4] was REDACTED. USMF ¶ 121. This nominal amount of product sales falls far short of the level of sales success that courts have typically found to indicate commercial strength. *See Kelly-Brown v. Winfrey*, 95 F. Supp. 3d 350, 360 (S.D.N.Y. 2015) (plaintiff's low sales and isolated media coverage prior to the defendant's alleged infringing use did not support a finding of market-based strength); *Nora Beverages, Inc. v. Perrier Group of America, Inc.*, 269 F.3d 114, 123 (2d Cir. 2001) ("In light of its sales to third parties, as well as its low level of commercial success and small advertising budget relative to market competitors at the relevant time, we agree with the district court that [the plaintiff's] possessed a weak mark.").

Fifth, there is no evidence that any third party has ever attempted to plagiarize Plaintiff's "Stay You" mark. *See Codename*, 2018 WL 3407709, at *6. Rather, there are multiple instances of other businesses using "Stay You" on apparel that pre-date and post-date Plaintiff's first sale of products under the "Stay You" mark in June 2019. USMF ¶¶ 54-70.

Finally, Plaintiff's use of the "Stay You" mark has never been exclusive, as there are numerous third parties that have used and are using that phrase as a social message, including for apparel goods. USMF ¶¶ 54-70. For example, third-party brands Old Navy, hYOUman ,

---

plaintiff's mark where the plaintiff pointed to only two third-party articles and offered no evidence indicating these articles were in fact unsolicited). Here, it is clear that the subject discussions regarding Plaintiff's "Stay You" mark were not opinions or perceptions of the author, but were direct interview responses from Mr. Kidney. *See* USMF ¶ 114.

[4] For the period prior to June 2019, Plaintiff only provided monthly sales figures for the period April 2018 to May 2019. USMF ¶ 115.

OUKSY, as well as celebrity comedian and actor Steve Harvey, have sold clothing items with the phrase "Stay You." Further, other third-party brands have used the phrase "Stay You" to identify their company or to promote their products prior to Plaintiff's incorporation and sale of products under the "Stay You" mark. For example, the third-party brand Stay You Apparel was established in 2015 and has been selling clothing clothing items that include the phrase "Stay You" since 2015. USMF ¶¶ 58-59. As another example, the third-party brand Stay Wear has been using the phrase "Stay You" to promote its clothing products on social media and spreading its "Stay You" message since at least February 2015. USMF ¶¶ 60-63. Because the "Stay You" mark is not "'highly successful and widely recognized,' . . . even minimal third-party uses may imperil whatever market recognition [plaintiff's mark] may have acquired." *Codename*, 2018 WL 3407709, at *7. In sum, the undisputed facts demonstrate that the "Stay You" mark is commercially weak.

Accordingly, the "Stay You" mark is both conceptually and commercially weak and thus, the first *Polaroid* factor favors H&M.

### 2. The H&M Phrase and Plaintiff's Mark are Different

It is well-settled that "marks are not 'similar' for purposes of assessing likelihood of confusion simply because they contain an identical or nearly identical word." *Mejia*, 920 F. Supp. at 547 (EDUQUEST marks not similar); *see also Codename*, 2018 WL 3407709, at *8-9 (BUZZR marks not similar); *Colby*, 2013 WL 1903883, at *17 (IBOOKS marks not similar).

Here, "Stay You" and "Stay True Stay You" are not identical and the overall impression between the two marks is different. The marks are also different visually and aurally. The first two words of H&M's phrase, "Stay True" distinguish the phrase from the mark "Stay You." Moreover, any similarities are far outweighed by the different marketplace contexts in which each term appears. When considering whether trademarks are similar, "[t]he prominent use of a brand name alongside a trademark can serve to dispel[ ] confusion as to the source of a product." *First Nat'l*, 2004 WL 1575396, at *9; *see also* Colby, 2013 WL 1903883, at *16-17 (noting that "contextual clues," such as an "Apple-branded environment," can distinguish marks even where

the same word is used); *see also Denimafia*, 2014 WL 814532, at \*14-15; *Nora*, 269 F.3d at 122; *THOIP I*, 736 F. Supp. 2d at 712; *Swatch*, 2003 WL 1872656, at \*4; *Mejia*, 920 F. Supp. at 547; *Brockmeyer*, 248 F. Supp. at 296. H&M's Pride Collection was prominently identified as H&M-branded products and "Stay True Stay You" was always used in close proximity to the famous H&M trademark. USMF ¶¶ 40, 45-49. H&M's multiple brand placement on products (*e.g.* on the product tag, price tag and UNFE tag) and in connection with advertising created an H&M-branded environment that prominently identified H&M as the source of the Pride Collection products, which further distinguishes the phrase from Plaintiff's mark.

Accordingly, this *Polaroid* factor favors H&M.

### 3.    The Parties Products are Sold Through Distinct Channels of Trade

"This factor asks to what extent the two products compete with each other, taking into account two elements, the market proximity and geographic proximity. *Wright v. New Moda, LLC,* No. 17CV9737 (JGK), 2020 WL 4288377, at \*7 (S.D.N.Y. July 27, 2020) (citing *Brennan's, Inc. v. Brennan's Rest., L.L.C.*, 360 F.3d 125, 134 (2d Cir. 2004) (internal quotations omitted). Even where both parties sell clothing, this factor favors the defendant where the clothing is sold through completely different channels of trade and the parties target different customers. *Wright v. New Moda, LLC*, No. 17cv9737 (JGK), 2020 U.S. Dist. LEXIS 132427, at \*16 (S.D.N.Y. July 27, 2020) (granting summary judgment as to the plaintiff's trademark infringement and unfair competition claims where the parties sold their clothing products in different channels of trade).

Here, H&M's and Plaintiff's products do not compete because the parties' products are sold through different channels of trade and target different audiences. Significantly, H&M's Pride Collection was a limited offering, promoted only in June 2019, and sold exclusively by H&M in its stores and on its ecommerce website. In contrast, Plaintiff's products with the "Stay You" mark are sold only on Plaintiff's website and at in-person events with Mr. Kidney. This weighs heavily against a finding of competitive proximity. *See New Look Party, Ltd. v. Louise Paris, Ltd.*, No. 11-cv-6433, 2012 WL 251976, at \*7 (S.D.N.Y. Jan. 11, 2012) (noting that the

difference in sale channels "weighs heavily against a finding of likelihood of confusion"). In addition, H&M's limited-edition collection was specifically designed in connection with Pride Month to target members and supporters of the Pride community. USMF ¶¶ 51, 52. In contrast, as a "mental health brand" and with Mr. Kidney leading the company as a "mental health advocate," Plaintiff's products specifically target Mr. Kidney's social media fans. Therefore, the targeted audience of the parties' products is completely different.

Moreover, H&M's notoriety as one of the most famous apparel and accessories brands in the world serves to eliminate any actual competition and decrease any likelihood of confusion with Plaintiff. *Winfrey*, 95 F. Supp. at 361 ("[Oprah Winfrey] Defendants' geographic scope (worldwide), market position (highest rated program of its kind in history), and audience appeal (up to 16 million viewers) eliminate any actual competition and decrease any likelihood of confusion.") (citations omitted).

Accordingly, this factor also favors H&M.

### 4. There Are No Known Instances of Actual Confusion

Evidence of actual confusion "is perhaps the most significant when considering the overall likelihood of confusion by the public." *MasterCard*, 2004 WL 434404, at *3. There is no such evidence here, which is not surprising considering H&M's Pride Collection was a limited-edition campaign that only ran for approximately one month in 2019. Actual confusion may be shown through anecdotal reports from consumers or surveys, but Plaintiff has no such admissible evidence. *See THOIP I*, 736 F. Supp. 2d at 712; *Paco Sport, Ltd. v. Paco Rabanne Parfums*, 86 F. Supp. 2d 305, 319 (S.D.N.Y. 2000), *aff'd*, 234 F.3d 1262 (2d Cir. 2000).

### 5. H&M Acted in Good Faith

In analyzing the intent factor, "the only relevant intent is intent to confuse." *THOIP I*, 736 F. Supp. 2d at 713 (citation and internal quotation marks omitted); *see also Lang*, 949 F.2d at 583. Any finding of bad faith is negated by the parties' primarily descriptive use of the phrase at issue. *Winfrey*, 95 F. Supp. at 362; *Lang v. Retirement Living Pub. Co., Inc*., 949 F.2d 576, 583 (2d Cir. 1991) (selecting a mark that, among other things, "reflects the product's

23

characteristics" can support a finding of good faith).

Here, H&M's use of the phrase "Stay True Stay You" is descriptive and weighs heavily against a finding of bad faith. As explained above, similar to "Stay You," "Stay True Stay You" is a common motivational phrase widely used as a social message by third parties, including for apparel goods. For example, third-party brands adidas, Old Navy and Hollister offered or offers for sale clothing items with the phrase "Stay True Stay You." In fact, adidas sold a  shirt with "Stay True Stay You" that was worn by a professional tennis player in or around 2011, well before Plaintiff started using its "Stay You" mark and well before Mr. Kidney started using his original phrase, "Stay You Stay Beautiful." USMF ¶¶ 76, 77. Further, there are numerous other public uses of the phrase "Stay True Stay You," including using the phrase as a saying for clothing items that celebrate the LGBTQI+ Community. USMF ¶¶ 71-113. This demonstrates H&M acted entirely in good faith because "Stay True Stay You" is a commonly used phrase. Further, H&M Sweden located the phrase through a Pinterest search of inspirational messages without any knowledge of Plaintiff.

Finally, where a plaintiff has no reputation or goodwill on which the defendant could attempt to trade, this weighs heavily against an inference that the defendant acted in bad faith. *Gameologist Grp., LLC v. Sci. Games Int'l, Inc.,* 838 F. Supp. 2d 141, 163 (S.D.N.Y. 2011), *aff'd*, 508 F. App'x 31 (2d Cir. 2013) (finding no bad faith where "the plaintiff was not well-known in the lottery industry and had no reputation or good will on which the defendants were likely to seek to capitalize, given that the plaintiff has never successfully marketed a product in the lottery industry and has only achieved meager sales of its board game."). Here, H&M did not use the "Stay True Stay You" phrase to take advantage of any purported reputation of Plaintiff. *Id*.; *see also* USMF ¶53. Indeed, Plaintiff is not well-known in the fashion industry, has never successfully marketed a product in the fashion industry and has only achieved modest sales of its products. Accordingly, H&M acted in good faith in using the "Stay True Stay You" phrase in connection with its limited-edition Pride Collection.

In sum, because the undisputed evidence shows that there is no likelihood of confusion,

Plaintiff's trademark infringement and unfair competition claims all fail as a matter of law.

## IV.     CONCLUSION

For the reasons expressed herein, H&M respectfully requests that the Court grant summary judgment in its favor on all of Plaintiff's claims.

Respectfully submitted,

Dated: New York, New York
      June 18, 2021

*/s/ Darren W. Saunders*
Darren W. Saunders

25