```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
STAY YOU, LLC,

                        Plaintiff,
        v.                                                      20-CV-1396 (KMW)

                                                                **OPINION & ORDER**

H&M HENNES & MAURITZ, LP

                        Defendant.
--------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __8/29/2022_____

KIMBA M. WOOD, United States District Judge:

    Defendant has moved for reconsideration (Def. Mot., ECF No. 79) of part of the Court's prior ruling denying Defendant's Motion for Summary Judgment (ECF No. 78).

    The standard to grant a motion for reconsideration is strict:

> A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

*Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (internal citations, quotation marks, and brackets omitted).

    Defendant has moved for reconsideration of the Court's ruling that Defendant failed to establish that it was entitled to judgment in its favor pursuant to the fair use defense, because Defendant's use of the phrase "Stay True Stay You" was not descriptive. *Stay You, LLC v. H&M Hennes & Mauritz, LP*, No. 20-CV-1396, 2022 WL 2159824, at *7 (S.D.N.Y. June 15, 2022)

1

(Wood, J.).[1]  Defendant argues that its use of the phrase "Stay True Stay You" was descriptive "because it was meant to convey the underlying social message of individuality, diversity, self-affirmation, self-acceptance, self-confidence, equality and dignity for the Pride movement." (Def. Mot. at 3.)  Defendant contends that this Court should follow *Winfrey III,* in which the district court held that use of the phrase "Own Your Power" on banners and a magazine cover was descriptive because it "describe[s] [defendants'] overall message of self-empowerment." *Kelly-Brown v. Winfrey*, 95 F. Supp. 3d 350, 364 (S.D.N.Y. 2015) (Crotty, J.).  The Court declines to follow *Winfrey III*, and instead relies upon the Second Circuit decision in *Tiffany & Co. v. Costco Wholesale Corp.*  971 F.3d 74 (2d. Cir. 2020) ("*Tiffany*").

In *Tiffany*, the Second Circuit held that a phrase is descriptive if it identifies some information about the goods in question or describes those goods.  *Id.* at 94 (concluding that a jury could reasonably find that "the word 'Tiffany,' when used in conjunction with a particular six-pronged stone setting, had acquired a descriptive meaning in the jewelry trade.").  Here, the phrase "Stay True Stay You" identifies information about the social message associated with the Pride movement (Def. Mot. at 3), but it does not identify information about the clothing on which it appears.

The Court declines to modify its original holding.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reconsideration is DENIED.  The Clerk of Court is directed to terminate all open motions.  The parties shall, by September 16, 2022, submit to the Court a joint pretrial order, which must comply with the Court's Individual

---

[1] ECF No. 78.

Rules and Practices.

SO ORDERED.

Dated: New York, New York
August 29, 2022

                                                    */s/ Kimba M. Wood*
                                                    KIMBA M. WOOD
                                                United States District Judge