```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
STAY YOU, LLC,

                        Plaintiff,

        v.                                                      20-CV-1396 (KMW)

                                                                **OPINION & ORDER**

H&M HENNES & MAURITZ, LP

                        Defendant.
-------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __June 2, 2023_____

KIMBA M. WOOD, United States District Judge:

Pending before the Court are the parties' motions *in limine*. Plaintiff moves to preclude (1) the testimony of Defendant's former Vice President of Marketing, Mr. Mario Moreno, (2) exhibits consisting of clothing items, textual works, and artistic works demonstrating third-party use of the phrases "Stay You" and "Stay True, Stay You," (3) exhibits relating to a third-party trademark application for "Stay True Stay You," and (4) "all references to the Urban Dictionary," including the January 16, 2014 definition of "Stay You" and the March 7, 2009 definition of "Stay True." (Pl.'s Mot. & Mem., ECF No. 95.) Defendant moves to preclude the May 12, 2021 Urban Dictionary definition of "Stay You." (Def.'s Mot., ECF No. 92; Def.'s Mem., ECF No. 93.) For the reasons set forth below, Plaintiff's motion is GRANTED IN PART and DENIED IN PART, and Defendant's motion is GRANTED.

## DISCUSSION

### I. Testimony of Mr. Mario Moreno

During discovery, the parties deposed Defendant's Marketing Concept Manager, Mr. Joshua Kalipeni. Because Mr. Kalipeni is no longer employed by Defendant, Defendant plans to

1

call Mr. Mario Moreno, Defendant's former Vice President of Marketing, to testify about H&M's 2019 Pride Campaign. Plaintiff moves to preclude Mr. Moreno's testimony because Plaintiff has not had the opportunity to depose Mr. Moreno and there is already a deposition of Mr. Kalipeni on record. (Pl.'s Mot. & Mem. at 10-12.) The Court denies Plaintiff's request. Plaintiff, however, may depose Mr. Moreno on any business day in June or July that is convenient for the parties.

## II.   Exhibits Demonstrating Third-Party Use of the Phrases "Stay You" and "Stay True, Stay You"

At trial, Defendant plans to introduce various exhibits demonstrating third-party use of the phrases "Stay You" and "Stay True, Stay You" including clothing items, textual works, and artistic works.[1] Plaintiff moves to exclude such exhibits pursuant to Rules 401 and 403.

The exhibits are relevant to the strength of Plaintiff's mark. Under the *Polaroid* test, the strength of a mark is determined by its "inherent distinctiveness" or its "tendency to uniquely identify the source of [a] product." *Star Indus., Inc. v. Bacardi & Co. Ltd.*, 412 F.3d 373, 384 (2d Cir. 2005). The strength of a mark can be diminished by extensive third-party usage, especially in the market in question. *See Morningside Grp. Ltd. v. Morningside Cap. Grp., L.L.C*, 182 F.3d 133, 139 (2d Cir. 1999).

The exhibits involving clothing are relevant to the strength of Plaintiff's mark in that they show that there has been extensive third-party use of the phrase "Stay You" in the casual clothing market. Although Plaintiff argues that many of the clothing advertisements and online order forms are irrelevant because they are dated subsequent to the period of infringement (June

---

[1] Exhibits relating to clothing include online order forms and social media advertisements for clothing items bearing the phrases "Stay You" or "Stay True, Stay You." Textual works include blog posts, quotes, and memes containing the phrases "Stay You" or "Stay True, Stay You." Artistic works include tattoos, wall art, digital designs, and YouTube videos incorporating the phrases "Stay You" or "Stay True, Stay You."

2019), Plaintiff does not cite any authority to support its proposition. Because the dates on the exhibits appear to correspond to when Defendant first accessed the pages online, it is possible that the clothing items were on sale before Defendant launched its campaign.

The exhibits consisting of textual and artistic works are also marginally relevant to the strength of Plaintiff's mark because they show that "Stay You" is a commonly-used phrase and that the strength of Plaintiff's mark is therefore weaker than it otherwise would be. *See, e.g.*, *Rd. Dawgs Motorcycle Club of the U.S., Inc. v. Cuse Rd. Dawgs., Inc.*, 679 F. Supp. 2d 259, 276 (N.D.N.Y. 2009) (considering a phrase's common usage when determining the strength of a plaintiff's mark). Nevertheless, the exhibits must be excluded because they have limited probative value and raise Rule 403 concerns. For example, if the exhibits are admitted, the jury may confuse the issues and focus on whether "Stay You" is a common phrase rather than whether there is a likelihood of confusion between Plaintiff's and Defendant's marks. Additionally, allowing the presentation of so much evidence merely to show that "Stay You" is a popular phrase may waste time, result in undue delay, and involve needlessly presenting cumulative evidence. The exhibits involving clothing items do not present such issues.

Consequently, the Court admits the exhibits involving clothing items (Def.'s Exs. W, X, Y, Z, AA, AH, AI, AJ, AK, AL, AM, AN, AO, AP, AQ, AR, AS, AT, AU, AV, AW, AX, AY, AZ, BA, BB, BG, BI, BJ, BK, BL, BM, BN, BO, BP, BQ, BR, BS, BT, BU, BV, BW, BX, BY, BZ, CA, CB, CC, CD, CE, DM, DN, DO, DP, DQ, DR, DS, DT, DU), but excludes the exhibits consisting of textual and artistic works (Def.'s Exs. S, BC, BD, BE, BF, BH, CF, CG, CH, CI, CJ, CK, CL, CM, CN, CO, CP, CQ, CR, CS, CT, CU, CV, CW, CX, CY).

**III.     Third-Party Trademark Application for "Stay True Stay You"**

On July 30, 2021, a third party submitted a trademark application for "Stay True Stay

You" for use in clothing, which the United States Patent & Trademark Office ("USPTO") authorized for publication. Defendant intends to introduce documents relating to that application, including an application form, a publication notice, and a Trademark Official Gazette entry. Plaintiff argues that the exhibits should be excluded as irrelevant hearsay.

First, the exhibits are relevant to the degree of similarity between Plaintiff's and Defendant's marks. Before the USPTO approved the mark "Stay True Stay You" for publication, it is likely that the USPTO found that there were no conflicting marks[2] in the clothing market and that Plaintiff's "Stay You" mark was not sufficiently similar to the mark "Stay True Stay You" to confuse consumers. Thus, the USPTO's approval of the mark "Stay True Stay You" for publication bolsters Defendant's argument that Plaintiff's mark ("Stay You") and Defendant's mark ("Stay True Stay You") were not sufficiently similar to cause confusion.

Second, although the documents constitute hearsay, the publication notice and the Trademark Official Gazette entry are admissible because they fall within the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6). The application form is not admissible because it was filled out by a third-party applicant whose statements do not fall within any hearsay exception. Accordingly, the Court denies Plaintiff's motion to preclude the publication notice and the Trademark Official Gazette entry (Def.'s Exs. DW, DX), but grants Plaintiff's motion to preclude the application form (Def.'s Ex. DV).

**IV.  Urban Dictionary Definitions**

Plaintiff moves to preclude "all references to the Urban Dictionary," including the January 16, 2014 Urban Dictionary definition of "Stay You" and the March 7, 2009 Urban

---

[2] Two trademarks conflict if both are "confusingly similar in appearance, sound, or meaning, and used with related goods or services." *Common Problems in Applications*, USPTO, https://www.uspto.gov/trademarks/basics/common-problems (last modified May 11, 2023).

4

Dictionary definition of "Stay True."  Additionally, Defendant moves to preclude the May 12, 2021 Urban Dictionary definition of "Stay You."[3]

There is little Second Circuit case law regarding the admissibility of Urban Dictionary definitions.  Where courts have referenced Urban Dictionary, they have typically done so only in passing to explain unfamiliar slang words or common phrases.  *See, e.g.*, *Knowles v. United States*, No 18-CV-1950, 2022 WL 999078, at *7 n.10 (S.D.N.Y. Mar. 30, 2022) (Karas, J.).  Here, Plaintiff contends that all Urban Dictionary definitions should be precluded because they are irrelevant (Pl.'s Mot. & Mem. at 5), and Defendant claims that the May 12 definition of "Stay You" should be precluded because it is unfairly prejudicial.  (Def.'s Mem. at 2.)  The Court need not decide either issue, however, because the definitions should be excluded under Rule 403 due to their lack of probative value.  Urbandictionary.com is a crowdsourced online dictionary that allows users to anonymously publish their own definitions.  The website provides few content guidelines for users.  *Content Guidelines*, URBAN DICTIONARY, https://about.urbandictionary.com/content-guidelines (last visited May 30, 2023) (instructing users to "be creative [and] have fun").  When a user submits a definition, it goes through a perfunctory review process before it is published online.  A single word can have hundreds of definitions submitted by various users over the years.  Due to the constantly expanding nature of the website, Urban Dictionary explicitly states that it "does not and cannot review all Content published to the Website or created by users accessing the Website[.]"  *Terms of Service*, URBAN DICTIONARY, https://about.urbandictionary.com/tos (last visited May 30, 2023).

For these reasons, the Urban Dictionary definitions upon which Plaintiff relies are unreliable.  Their probative value is substantially outweighed by the danger of (1) confusing the

---

[3] The May 12, 2021 definition of "Stay You" is not currently on Plaintiff's Exhibit List.

issues (*i.e.,* the jury may incorrectly assume the definitions of "Stay You" or "Stay True" are at issue), (2) misleading the jury about the strength of Plaintiff's mark or Defendant's fair use defense, or (3) wasting time. Hence, the Court excludes the definitions (Def.'s Exs. R, DI) and bars the parties from referencing Urban Dictionary at trial.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is GRANTED IN PART and DENIED IN PART, and Defendant's motion is GRANTED. The Clerk is respectfully directed to close the motions at ECF Nos. 92 and 95.

SO ORDERED.

Dated: New York, New York
June 2, 2023

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge